**Susan E. NEVINS, Plaintiff,**

v.

**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, and Bell Atlantic, Defendants.**

**Civil Action No. 95–5843(JBS).**

United States District Court, D. New Jersey.

April 8, 1997.

Jeffrey A. Libert, Woodbury, NJ, for Plaintiff.

John V. Fiorella, Archer & Greiner, Haddonfield, NJ, for Defendants.

## *OPINION*

SIMANDLE, District Judge:

Presently before the court is the motion for summary judgment of defendants, The Prudential Insurance Company of America ("Prudential") and Bell Atlantic, which seeks to dismiss plaintiff's complaint. For the reasons stated below, the motion will be denied.

### I. *Background*

Plaintiff, Susan Nevins, is an employee of defendant Bell Atlantic, and is a beneficiary of the Bell Atlantic Medical Expense Plan for Active Non–Management Employees and Retired Non–Management Employees ("Plan"). (Compl. at ¶ 1). Defendant Prudential is the Claims Fiduciary under the Plan for certain classes of employees, including plaintiff. (Def. 12G Stmt. at ¶ 5).

The Plan requires that a Plan beneficiary utilize in-network care providers or else be subject to a lower-reimbursement rate for services rendered by out-of-network providers. Plan participants may request an exemption from this requirement based upon the necessity of continuity of care with existing out-of-network providers. Exemptions, when granted, are granted on an annual basis with the exemption reviewed annually and subject to Claims Fiduciary re-evaluation. (*Id.* at ¶¶ 8–9).

Plaintiff received a continuity of care exemption for the years 1992 and 1993, based on her diagnosis of Chronic Pain Syndrome. Plaintiff's requested exemption for 1994 was denied by Prudential in a letter dated December 16, 1993. One of plaintiff's physicians, Dr. Hurowitz, appealed the denial in a letter dated January 4, 1994. Prudential confirmed its denial in a letter to Dr. Hurowitz dated February 22, 1994. In response to a letter from Ms. Nevins, Prudential again

denied her request in a letter dated May 10, 1994.

Following a third letter by Dr. Hurowitz and another appeal by Ms. Nevins, Prudential advised plaintiff by letter dated August 4, 1994, that although her exemption had been reviewed and denied by Prudential's Regional Appeals Committee, she would receive an extension through 1994, but it would no longer be in effect as of January 1, 1995.

Plaintiff alleges that her request for continuity of care benefits has been wilfully and wrongfully denied for the year 1995. She seeks a declaration that she must be afforded a continuity of care exception under the Plan for 1995 and subsequent years, compensatory damages, counsel fees, interest and costs of suit.

The Court's jurisdiction arises from the fact that plaintiff seeks a determination of benefits under an employee benefits plan subject to the requirements of the Employees' Retirement Income Security Act ("ERISA"), 29 U.S.C. § 101, et seq.

## II. *Discussion*

### A. *Summary Judgment Standard*

A court may grant summary judgment when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In deciding whether there is a disputed issue of material fact the court must view the evidence in favor of the non-moving party by extending any reasonable favorable inference to that party. *See Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1080–81 (3d Cir.1996); *Kowalski v. L & F Products*, 82 F.3d 1283, 1288 (3d Cir.1996); *Meyer v. Riegel Products Corp.*, 720 F.2d 303, 307 n. 2 (3d Cir.1983), *cert. denied*, 465 U.S. 1091, 104 S.Ct. 2144, 79 L.Ed.2d 910 (1984). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

Supreme Court decisions mandate that "[w]hen the nonmoving party bears the burden of persuasion at trial, the moving party may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry its burden of persuasion at trial." *Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 329–330 (3d Cir.1995) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986)). However, "the nonmoving party creates a genuine issue of material fact if it provides sufficient evidence to allow a reasonable jury to find for him at trial." *Brewer*, 72 F.3d at 330 (citing *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510). Once the moving party has carried its burden of establishing the absence of a genuine issue of material fact, "its opponent must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Thus, if the non-movant's evidence is merely "colorable" or is "not significantly probative," the court may grant summary judgment. *Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2510–11.

### B. *The Court's Review of Prudential's Decision*

In enacting ERISA, Congress sought to "assure the equitable character of employee benefit plans and their financial soundness." *Moench v. Robertson*, 62 F.3d 553, 560 (3d Cir.1995) (internal quotations and citations omitted); *see Kemmerer v. ICI Americas Inc.*, 70 F.3d 281, 286 (3d Cir.1995); *Dade v. North American Philips Corp.*, 68 F.3d 1558, 1562 (3d Cir.1995); *In re Unisys Corp. Retiree Medical Benefit "ERISA" Litigation*, 58 F.3d 896, 901 (3d Cir.1995) ("ERISA is a comprehensive statute enacted to promote the interests of employees and their beneficiaries in employee benefit plans and to protect contractually defined benefits.") (internal quotations omitted). As such, the statute, pursuant to 29 U.S.C. § 1132(a)(1)(B), affords a cause of action to any participant or beneficiary of a plan seeking to recover benefits or enforce rights under the terms of the

plan.[1] *See Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 108, 109 S.Ct. 948, 953, 103 L.Ed.2d 80 (1989); *Taylor v. Continental Group Change in Control Severance Pay Plan,* 933 F.2d 1227, 1231 (3d Cir.1991); *McLain v. Metropolitan Life Ins. Co.,* 820 F.Supp. 169, 174 (D.N.J.1993) ("Section 1132 of ERISA allows a participant or beneficiary to bring suit to recover benefits under a plan.").

■ In this case in which plaintiffs are challenging a benefit determination made by the plan administrator, the appropriate standard of the Court's review turns on the language of the Plan itself. In *Firestone Tire & Rubber Co. v. Bruch,* the Supreme Court, guided by principles of trust law, concluded that for actions grounded in section 1132(a)(1)(B), "a denial of benefits ... is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." 489 U.S. at 115, 109 S.Ct. at 956–57. If the plan provides the trustee with discretionary authority to determine a participant's eligibility for benefits, the arbitrary and capricious standard applies. *Id.* at 111, 109 S.Ct. at 954–55 (" 'Where discretion is conferred upon the trustee with respect to the exercise of a power, its exercise is not subject to control by the court except to prevent an abuse by the trustee of his discretion.' ") (quoting Restatement (Second) of Trusts § 187 (1959)); *see Hullett v. Towers, Perrin, Forster & Crosby, Inc.,* 38 F.3d 107, 114 (3d Cir.1994); *Gillis v. Hoechst Celanese Corp.,* 4 F.3d 1137, 1140–41 (3d Cir.1993); *Abnathya v. Hoffmann–La Roche, Inc.,* 2 F.3d 40, 45 (3d Cir.1993); *Nazay v. Miller,* 949 F.2d 1323, 1335 (3d Cir.1991); *Personnel Pool of Ocean County, Inc. v. Trustees of Heavy and General Laborers' Welfare Fund of New Jersey, Locals 472–172,* 899 F.Supp. 1362, 1371 (D.N.J.1995). The trust instrument need not expressly grant discretionary authority; such discretion may be implied through the terms of the plan. *See Hullett,* 38 F.3d at 114; *Luby v.*

*Teamsters Health Welfare & Pension Trust Funds,* 944 F.2d 1176, 1181 (3d Cir.1991).

■ In this case, defendants argue that the Plan explicitly grants to Prudential, as Claims Fiduciary, full discretion to interpret the Plan, to determine eligibility for benefits, to decide the amount, form and timing of benefits, and to resolve any other matter under the Plan raised by any claimant. (Def. Br. at 11). The language of the Plan is as follows:

Under the Plan the Claims Fiduciary, as Claims and Appeals Administrator, is a fiduciary to whom the Plan grants full discretion, with the advice of counsel, to interpret the Plan, to determine whether a claimant is eligible for benefits, to determine the amount, form and timing of benefits and to resolve any other matter under the Plan which is raised by the claimant or identified by the Claims Administrator or Appeals Administrator. The Claims Fiduciary, as Claims Administrator and Fiduciary, has the exclusive authority to decide all claims under the Plan, and the Claims Fiduciary, as Appeals Administrator and Fiduciary, has exclusive authority to review and resolve any appeal of a denied claim. In the case of an appeal, the decision of the Appeals Administrator shall be final and binding to the full extent permitted under applicable law unless and to the extent that the claimant subsequently proved that a decision of the Appeals Administrator was an abuse of discretion.

(Plan at 142).

Despite this plain language which grants full discretion to Prudential, plaintiff argues that a de novo standard of review should apply because the terms of the Plan are "too inconsistent to be considered a grant of 'full discretion' " and "too comprehensive in scope and definitions." (Pl. Br. at 3). Specifically, plaintiff points to language in the Plan by which Bell Atlantic purportedly reserves authority to overrule Prudential's decisions.

The provisions cited by plaintiff, however, merely state that Bell Atlantic may amend or

---

1. 29 U.S.C. § 1132(a)(1)(B) states that: "A civil action may be brought ... by a participant or beneficiary ... to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

terminate the Plan; assist in or provide information as to the interpretation of the Plan—at the Claims and Appeals Administrator's request; or assist in eligibility determinations. (Plan at 143). These powers do not include the authority to override any decision by Prudential. In fact, the provisions explicitly recognize that Prudential's determinations are to be final and conclusive on all persons claiming benefits under the Plan. (*Id.*).

Further, and contrary to plaintiff's argument, Bell Atlantic's power to amend or terminate the Plan is not in direct conflict with the discretion afforded to Prudential in determining eligibility for benefits and construing the terms of the Plan. Thus, the court finds that Prudential has been granted discretionary authority within the meaning of *Firestone* and its progeny.

■ As a result of the Plan's grant of authority to Prudential, the Court's analysis is guided by the arbitrary and capricious standard. *See Abnathya*, 2 F.3d at 40.[2] Under that standard, which is similar to the abuse of discretion standard, a court may conclude that a plan administrator's determination is arbitrary and capricious only if the determination is " 'without reason, unsupported by substantial evidence or erroneous as a matter of law.' " *Id.* (quoting *Adamo v. Anchor Hocking Corp.*, 720 F.Supp. 491, 500 (W.D.Pa.1989)). This review is necessarily narrow in view of the policies underlying the decision in *Firestone*, and this Court " 'is not free to substitute its own judgment for that of the defendants in determining eligibility for plan benefits.' " *Id.* (quoting *Lucash v. Strick Corp.*, 602 F.Supp. 430, 434 (E.D.Pa. 1984), aff'd, 760 F.2d 259 (3d Cir.1985)); *see Moats v. United Mine Workers of America*

*Health & Retirement Funds*, 981 F.2d 685, 688 (3d Cir.1992) (noting that plan administrator's interpretation "should be upheld even if the court disagrees with it, so long as the interpretation is rationally related to a valid plan purpose and not contrary to the plain language of the plan"); *Scarinci v. Ciccia*, 880 F.Supp. 359, 366 (E.D.Pa.1995).

Drawing upon a standard articulated by the Eighth Circuit Court of Appeals, the Third Circuit has adopted a series of factors for this Court to consider in determining whether the plan administrator's interpretation of the plan's terms was reasonable. *See Moench*, 62 F.3d at 566. Those factors include:

"(1) whether the interpretation is consistent with the goals of the plan; (2) whether it renders any language in the plan meaningless or internally inconsistent; (3) whether it conflicts with the substantive or procedural requirements of the ERISA statute; (4) whether the [administrator] interpreted the provision at issue consistently; and (5) whether the interpretation is contrary to the clear language of the plan."[3]

*Id.* (quoting *Cooper Tire & Rubber Co. v. St. Paul Fire & Marine Ins. Co.*, 48 F.3d 365, 371 (8th Cir.), *cert. denied*, — U.S. —, 116 S.Ct. 300, 133 L.Ed.2d 205); *see Kennedy v. Georgia–Pacific Corp.*, 31 F.3d 606, 609 (8th Cir.1994); *Finley v. Special Agents Mut. Ben. Ass'n. Inc.*, 957 F.2d 617, 621 (8th Cir.1992). No single factor is dispositive, and this Court must examine the factors as a whole in making a determination.

■ An analysis of the *Moench* factors in this case indicates that a reasonable juror could find that Prudential's denial of benefits

---

2. A modified arbitrary and capricious standard may be applied where sufficient facts are adduced to demonstrate that the plan Administrator had a conflict of interest in making a benefit determination. *See Kotrosits v. GATX Corp. Non–Contributory Pension Plan for Salaried Employees*, 970 F.2d 1165, 1173 (3d Cir.1992) ("where such party shows the kind of conflict of interest that could realistically be expected to bias the decision makers, [*Firestone*] counsels in favor of withholding deference"). No such conflict of interest has been alleged in the case *sub judice*.

3. Although this list of factors was articulated by the court in *Moench* in the context of determining whether a fiduciary abused his discretion by investing employee assets solely in employer securities pursuant to an employee stock option plan, the factors are equally applicable to reviewing a decision to deny benefits under section 1132(a)(1)(B), and, indeed, the factors have been applied as such in exactly this context. *See Lockhart v. United Mine Workers of America 1974 Pension Trust*, 5 F.3d 74, 77–78 (4th Cir.1993); *Finley*, 957 F.2d at 621; *Personnel Pool of Ocean County, Inc.*, 899 F.Supp. at 1371.

to Ms. Nevins under the terms of the Plan was arbitrary and capricious. For the purposes of this summary judgment motion, plaintiff has raised genuine issues of material fact, through production of letters she received from Prudential representatives, as to whether Prudential's interpretation of the Plan provisions in question rendered certain language in the Plan meaningless or internally inconsistent, whether Prudential's interpretation was consistent, and whether the interpretation was contrary to the clear language of the Plan.

The Plan itself states that exemptions for continuity of care will be granted only in the following circumstances:

1. Patient has been under continuous treatment by the physician for a severe or life-threatening medical condition for at least one year and the severance of the patient/doctor relationship would likely be detrimental to the progress of the patient due to the lack of continuity of care.

2. Pregnancy, if already under the prenatal care of an out-of-network physician. (Exemption is for term of that pregnancy only.)

(Plan at 83).

First, the court notes that plaintiff has raised an issue regarding the fourth factor of the *Moench* test—whether Prudential's interpretation of the provision in question was consistent. When plaintiff originally applied for a continuity of care exemption in 1992 so that she could continue to see her existing out-of-network providers, she was informed by Prudential that "[a]fter reviewing the medical information provided, we have determined that your medical condition of chronic pain syndrome has been approved for the continuity of care exception under the terms of the Bell Atlantic Plan." (Chaplin Aff.; Ex. PRU–NEV–0002, 4/2/92 Letter). When Ms. Nevins re-applied for an exemption for 1993, Prudential responded that "[a]fter careful review of all the information provided to us, we have determined that your medical condition of chronic pain syndrome continues to meet all of the requirements set forth under the Continuity of Care provision and is hereby

approved ..." (*Id.;* Ex. PRU–NEV–0042, 11/19/92 Letter).

In response to her request for an exemption for 1994, however, Ms. Nevins was told that "[a]fter careful review of all information provided us, we have determined that the patient's medical condition does not meet the requirements [for an extension of continuity of care benefits.]" (Pl. Br.; Ex. 23, 12/16/93 Letter). The letter from Prudential lists such requirements as follows:

Previous approval has been received for Continuity of Care for *this* diagnosed condition.

Care is being received from an out-of-network physician. (Provider is participating in the Managed care Plan.)

Claims are being reimbursed under the Medical Expense Plan.

Patient has been diagnosed with an illness which has been determined as severe, life threatening or terminal by Prudential's Medical Department.

The diagnosis is not psychiatric or substance abuse.

Patient is receiving continuous care provided by or under the supervision of the same physician for the past 12 months.

(*Id.*).

In this letter, Prudential did not identify which of the requirements was not met by Ms. Nevins and did not provide an explanation for the apparent inconsistency in approving an exemption based on her Chronic Pain Syndrome for two years, but denying it for a third. A second letter from Prudential, which responds to additional information provided by Dr. Hurowitz, also does not specify which of the criteria was not met by Ms. Nevins and merely reaffirms Prudential's original decision. (Pl. Br.; Ex. 24, 2/22/94 Letter).

Defendants' brief suggests that Ms. Nevins' application was denied based on the November 23, 1993 letter from Dr. Hurowitz, from which Prudential concluded that "the diagnosed illnesses have been determined as not severe, life-threatening or terminal." (Def. Br. at 12). Defendants did not provide this explanation to plaintiff at the time of the denial and do not now explain why plaintiff's

Chronic Pain Syndrome was considered severe enough to qualify for a continuity of care exemption for 1992 and 1993 but not 1994.[4]

Further, the court is troubled by the justification provided to Ms. Nevins in Prudential's letter of May 10, 1994, which calls to her attention Prudential's definition of "severe life threatening conditions." (Pl. Br.; Ex. 25, 5/10/94 Letter). The fact that Prudential may have applied this criteria, which is quite different from the plain language of the Plan requiring a severe or life threatening condition raises an issue of fact as to the second and fifth *Moench* factors—whether Prudential's interpretation renders any language in the Plan meaningless or internally inconsistent and whether the interpretation is contrary to the clear language of the Plan.

An August 4, 1994 letter from Prudential provides further evidence on this point. That letter states that "[t]he Continuity of Care program was established to provide temporary coverage for individuals with severe life threatening illnesses, terminal illness or pregnancy. Your impairments do not qualify as one of these." (Pl. Br.; Ex. 26, 8/4/94 Letter). By failing to recognize the disjunctive "or," Prudential renders meaningless the separate classification of severe medical conditions contained in the Plan itself. Likewise, imposing a requirement that a beneficiary have a severe, life threatening condition in order to receive a continuity of care exemption is contrary to the plain language of the Plan at page 83, *supra*, and inconsistent with Prudential's previous interpretations of that provision.

Viewing this evidence in the light most favorable to the plaintiff, as is required on a motion for summary judgment, this court finds that a genuine issue of material fact exists as to whether Prudential was arbitrary and capricious in its interpretation of the Plan as it applied to Ms. Nevins' claim. When scrutiny is given to the provisions of

the Plan, as required in this ERISA cause of action, a reasonable fact-finder could conclude that Prudential's denial of a continuity of care exemption to Ms. Nevins under the terms of the Plan was arbitrary and capricious. *See Firestone*, 489 U.S. at 115, 109 S.Ct. at 956–57; *Abnathya*, 2 F.3d at 45. Thus, defendants' summary judgment shall be denied.

---

4. In their brief, as supported by the affidavit of Stanley S. Chaplin, M.D., defendants now provide a number of different reasons which purportedly justify the denial of plaintiff's exemption. For instance, defendants argue that Ms. Nevins did not qualify because she changed health care providers, because her condition was not sufficiently unstable, because her treatment was not sufficiently specialized that it couldn't be received from an in-network provider, or because a transference of care would not be detrimental to her. (Def. Br. at 7, 9; Chaplin Aff.). These varied reasons further call into question the consistency of Prudential's decision.